IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER D. DYCUS,** | : | |
| **Plaintiff,** | : | |
| vs. | : | CA 08-0727-KD-C |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

## ORDER

This action is before the Court on plaintiff's complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). The motion to proceed *in forma pauperis* has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1).

Authority for granting plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Atwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997), citing *Coppedge v. United States*, 369 U.S. 438, 446, 82 S.Ct. 917, 921-922, 8 L.Ed.2d 21 (1962). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978, 119 S.Ct. 27, 147 L.Ed.2d 787 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983), citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-1307 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP

under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F.Supp. 1071, 1072 (E.D. Wis. 1997), citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F.Supp.2d 642, 648 (E.D. Tex. 1998) (citations omitted).

"The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F.Supp. 205, 209 (D.Md. 1978); *see Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can

get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to . . . court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

     A review of the complaint and motion reveals that Plaintiff, a married but unemployed mother of two, has little or no savings or investment income, and has not been employed in about three months, when she received around $100 to $200 monthly for part-time work. (Doc. 2.) Plaintiff's assets include a house worth $60,000 which the owner, a Mr.

Richard Fraunfelder, still owes $48,000 towards, and two vehicles, a Nissan Altima of negligible value because of a faulty transmission, and a 1999 Dodge Durango, worth a reported $2,000.00.  Mrs. Dycus also reports that although she has received $2,000.00 in "tax refunds, Veterans Benefits or social security benefits, she owes nearly $6,000.00 in credit card debts, and has an outstanding student loan balance of $108,000.00.  Plaintiff also states in her motion that she receives food stamps in the amount of $440 monthly and is a Medicaid recipient, but that Richard Fraunfelder, father of her two children, pays her monthly mortgage or rent payments and helps pay at least a portion of her monthly utility bills. (Doc. 2, p. 5.)  Therein lies the problem, as it is unclear whether *Mr. Fraunfelder* would be able to provide Plaintiff with the funds necessary for the court filing fee(s) and still be provided with the necessities of life.

Without additional pertinent information, the undersigned is unable to find that the plaintiff has established the statutory requirements for being allowed to proceed in this case without the prepayment of the filing fee.  Accordingly, plaintiff is **ORDERED** to amend her motion, on or before **January 26, 2009**, with evidence which establishes her entitlement to proceed *in forma pauperis*.  This evidence should include information

pertinent to *Mr. Fraunfelder's* financial situation, such as his fiscal debts and/or obligations, dependants, income, assets, etc., as if he himself were compiling the information originally provided by Plaintiff.

**DONE** and **ORDERED** this the 6th day of January, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**